FRED "PETE" GIBSON, III, (SBN 1474)
CHRISTOPHER MATHEWS, (SBN 10674)
MOHAMED A. IQBAL, JR., (SBN 10623)
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-8888 (Telephone)
(702) 383-8845 (Fax)
email: pgibson@lionelsawyer.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRIVÉ VEGAS, LLC, a Florida limited liability corporation; JUSTIN LEVINE, a Florida resident; and FRANK TUCKER, a Nevada resident,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL POLITZ, a Nevada resident; DOES I through XV; and ROE CORPORATIONS XVI through XXX,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

COME NOW, Plaintiffs PRIVÉ VEGAS, LLC, JUSTIN LEVINE ("Levine"), and FRANK TUCKER ("Tucker"), (collectively, "Plaintiffs"), and allege as follows:

**PARTIES**

1.    PRIVÉ VEGAS, LLC is a Florida limited liability corporation licensed to do business in Nevada, with its principal place of business at 4067 Dean Martin Drive, Las Vegas, Nevada 89103. PRIVÉ VEGAS, LLC is engaged in the business of owning and operating a night club called Privé (collectively, "Privé"), which is located in the Planet Hollywood Casino in Las Vegas, Nevada, and which provides music, food, drinks and entertainment to its customers.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

Dockets.Justia.com

2. Levine is a resident of Florida and a Managing Partner with a management interest in PRIVÉ VEGAS, LLC.

3. Tucker is a resident of Nevada and is a Managing Director with a management interest in PRIVÉ VEGAS, LLC.

4. Upon information and belief, Defendant MICHAEL POLITZ ("Politz") is a resident of Nevada and the individual who registered the Uniform Resource Locator ("URL") for, operates, creates content for, and controls the content of "TheVegasEye.com," a website featuring content regarding Las Vegas, Nevada businesses and entertainment.

5. Doe Defendants as presently identified are persons whose true identities are unknown to Plaintiffs, but upon information and belief colluded and conspired with Defendant Politz and other Doe and/or Roe Defendants to disparage Privé's trademark, create and publish defamatory content concerning Plaintiffs, intentionally interfere with the present and/or prospective business of Plaintiffs, and/or to commit acts of extortion against Plaintiffs.

6. Roe Defendants as presently identified are corporations or other business entities whose true identities are unknown to Plaintiffs, but upon information and belief colluded and/or are controlled by or affiliated with Defendant Politz and other Doe and/or Roe Defendants to disparage Privé's trademark, create and publish defamatory content concerning Plaintiffs, intentionally interfere with the present and/or prospective business of Plaintiffs, and/or to commit acts of extortion against Plaintiffs.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises in part over disparagement of and false statements involving the Privé trademark, therefore "arising under" federal law and specifically "arising

/ / /

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

8. under any Act of Congress relating to . . . trademarks." Supplemental jurisdiction of violations of state law exists under 28 U.S.C. § 1367.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400, as Defendants "reside and may be found" in the District of Nevada.

**GENERAL ALLEGATIONS**

10. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 8 as though fully set forth herein.

11. Upon information and belief, Defendant Politz has originated, written, and/or posted positive reviews and laudatory content on TheVegasEye.com regarding individuals and/or entities doing business in the local entertainment industry who have given cash amounts or granted favors to Defendant Politz, and has originated, written, and/or posted false and damaging content on TheVegasEye.com regarding individuals and/or entities doing business in the local entertainment industry who refused to give cash amounts or grant favors to Defendant Politz.

12. Upon information and belief, Defendant Politz engaged in extortionist behavior and conduct with regard to entities and individuals with whom he was in contact and about whom Defendant Politz originated, wrote and/or posted content on TheVegasEye.com.

13. Privé night club opened for business to the general public on or about December 31, 2007.

14. Upon information and belief, Defendant Politz was denied entry into Privé in January 2008 and subsequently originated, wrote, and/or posted content of a negative nature regarding Privé on TheVegasEye.com.

15. Defendant Politz threatened in January 2008 to publish allegedly negative content regarding Plaintiff Tucker.

/ / /

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

16. In January 2008, Defendant Politz contacted Plaintiff Levine and requested cash payment to be on his "good side."

17. In March 2008, Defendant Politz contacted another member of Privé management and admitted to originating, writing and posting negative content in exchange for a cash payment from a competitor to Privé.

18. Upon information and belief, four former employees of Privé who were hosts at Privé self-terminated their individual employment with Privé between April and June 2008, and continued performing host work in competition with Privé. At least one former employee retained a copy of portions of Privé's highly valuable, proprietary, and confidential customer list and solicited approximately 1000 of those customers to use him for night club services instead of Privé. The immediate continuance of host work and the retention of Privé's property violated the Employment Agreements the former employees individually executed at the inception of their respective employment with Privé. On or about June 23, 2008, Privé filed suit in District Court for Clark County, Nevada against the four former employees, alleging breaches of their Privé Employment Agreements, the Nevada Trade Secrets Act, and the Florida Trade Secrets Act. Two of the former employees have been defaulted.

19. Upon information and belief, in July 2008 Defendant Politz attempted to convince a number of media entities and outlets to publish false and libelous content regarding Plaintiffs.

20. On or about July 23, 2008, Defendant Politz originated, wrote, posted, and published factually false and damaging content titled: "Privé ship is sinking," adorned with the Privé trademark and regarding Privé, including:

    (a) factually false statements about the recently filed action against

    the four former employees;

    (b) factually false statements about "information" from the former

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

employees that Privé allegedly did not want "getting out to anyone;" and

(c) factually false statements about a "Tax Man" who shakes down employees for tip money to be placed in "The Slush Fund."

21. On or about August 12, 2008, Defendant Politz originated, wrote, posted, and published on TheVegasEye.com, under the title "Privé Exposed," content which referenced and included an allegedly anonymous letter, which was subsequently distributed via email ("Letter").

22. The Letter contained content of a libelous and defamatory nature.

23. The Letter contained a false statement that Privé has "threatened" the author or authors, leading them to "fear for [their] safety."

24. The Letter contained a false statement that Privé employees are faced with "continual harassment" and "a serious hostile & threatening environment."

25. The Letter contained a false statement that "[m]any of [Privé's] hourly waged employees have been forced to work late hours at other clubs without pay."

26. The Letter contained a false statement that hourly waged employees have been "threatened by management and the owner, Justin Levene [sic]."

27. The Letter contained a false statement that "there is a lot of marijuana smoking taken [sic] place as well as Cocaine in the kitchen area."

28. The Letter contained a false statement that cocaine and/or marijuana "is also being sold through the management" of Privé.

29. The Letter contained a false statement that Tucker told the employees to "shut up" when they allegedly informed him of the alleged narcotic use at Privé.

30. The Letter contained a false statement that "under aged [sic] females coming to Privé" and being served liquor is a "major problem" at Privé.

/ / /

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

31. The Letter contained a false statement that Levine told a host "this is how we do it in Miami so mind your own business" and took no action when the host allegedly informed Levine that there allegedly were underage females being served liquor in the club.

32. The Letter contained a false statement that Levine was seen sneaking underage girls into Privé.

33. The Letter contained a false statement that the author or authors were "ordered to bring a bottle or drinks to a table of under aged [sic] girls."

34. The Letter contained a false statement that one of the anonymous authors was "screamed at" by Tucker when they allegedly refused to serve drinks to underage girls.

35. The Letter contained a false statement that employees resigned from Privé because "our tip money was never declared by management and we believe they were stealing us blind."

36. The Letter contained a false statement that Frank Tucker would not provide the employees with a promised weekly print out of tips but instead told the employees to "shut up."

37. The Letter contained a false statement that "they [Privé's management] have been stealing our tips."

38. The Letter contained a false statement that Privé's management has been "overcharging hotel guest [sic]" and that the hotel has "suspended any room charges after investigating the over charges."

39. The title for this content on Defendant Politz's TheVegasEye.com contained a graphic of Privé's name with a red slash across it, suggesting that the factually inaccurate and libelous statements within the Letter were in fact true, and separately tarnishing/disparaging Privé's trademark.

/ / /

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

40. Defendant Politz headlined the content containing the Letter "Privé Exposed," further suggesting wrongdoing by Plaintiffs and that the libelous allegations in the Letter were true, an action which was additionally and separately libelous apart from the content of the Letter.

41. Defendant Politz solicited, facilitated, reviewed, judged, and then posted libelous comments from Doe and/or Roe Defendants, and possibly Defendant Politz himself, which Defendant Politz attached to and associated with the Letter.

42. Defendant Politz actively colluded, conspired, and acted in concert with one or more Doe and/or Roe Defendants to provide damaging libelous content regarding Plaintiffs and tarnish Privé's trademark.

43. Upon information and belief, Defendant Politz and Doe Defendants collaborated to generate the Letter, to disparage and tarnish Privé's trademark, and to send the Letter to Nevada governmental authorities, and to business entities with whom Plaintiffs have existing business relationships, in order to retaliate against, extort money from, and/or irreparably damage Plaintiffs.

44. Upon information and belief, Defendant Politz and Doe and/or Roe Defendants have individual and collective purposes for originating, writing, and posting damaging libelous content and statements about Plaintiffs and disparaging/tarnishing Privé's trademark, namely individual interests in retaliatory action and extortionist intentions, and collective interests in interfering with the present and future business interests of Plaintiffs and irreparably damaging Plaintiffs' reputation(s) with associated entities and individuals and the general public.

45. Upon information and belief, while one or more of the Doe and/or Roe Defendants contributed to and assisted Defendant Politz's origination, writing and posting of the

///

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

46. libelous statements regarding Plaintiffs and disparagement of Privé's trademark, Doe and/or Roe Defendants were not and are not employees or agents of each other or Defendant Politz.

47. On or about Thursday, August 14, 2008, Privé communicated to Defendant Politz an objection ("Objection Letter") to the Letter and the libelous statements contained therein, to the tarnishing and disparagement of the Privé trademark, to the manner in which the Letter was published and to the associated content which was published in connection with the Letter on The VegasEye.com.

48. The Objection Letter also demanded retraction of all of the identified libelous content and demanded that an equally conspicuous apology be published.

49. Privé submitted the Objection Letter to Defendant Politz via email and U.S. Mail on or about Thursday, August 14, 2008.

50. On or about Monday, August 18, 2008, Defendant Politz contacted counsel for Privé and telephonically made various admissions identifying and implicating other Doe Defendants by partial name and separately by the designation "the guys you're suing."

51. On or about Monday, August 18, 2008, Defendant Politz republished the libelous statements regarding Plaintiffs and originated, wrote, and posted additional commentary attempting to disavow any liability on the part of Defendant Politz, while moving the libelous statements to a more conspicuous space on the very top of the "blog" page and adding commentary claiming the existence of additional allegations against Plaintiffs.

52. On or about the evening of Tuesday, August 19, 2008, Defendant Politz sent an email to counsel for Privé, again disavowing any liability for the "anonymous" Letter, and propositioning Plaintiffs with an offer to remove the Letter from TheVegasEye.com upon being released and held harmless to any current or future lawsuits pertaining to this matter.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

53. As of Wednesday, August 20, 2008, the libelous statements regarding Plaintiffs were still readily accessible, visible, and published on TheVegasEye.com.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement and Disparagement Under Lanham Act, 15 USCS § 1125(a),(c))**

54. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 51 as though fully set forth herein.

55. The "Privé" symbol is a valid, protectable trademark.

56. PRIVÉ VEGAS, LLC owns "Privé" as a trademark.

57. Defendants' actions, including but not limited to Defendant Politz's TheVegasEye.com posting containing the graphic of the Privé trademark with a red slash across it, and associated content regarding illegal narcotic use and distribution, service of alcohol to underage individuals, and employment law violations irreparably infringed upon, disparaged, diluted and tarnished, damaged and reduced the value of the "Privé" trademark under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. The infringement upon, dilution, tarnishment and disparagement of the "Privé" trademark suggested that the factually inaccurate and libelous statements within the Letter were in fact true and further irreparably damaged Plaintiffs individually and collectively.

59. The infringement upon, dilution, tarnishment and disparagement of the "Privé" trademark was willful, blatant, obvious, and malicious.

60. Plaintiffs have suffered actual damages due to Defendants' infringement upon, dilution, tarnishment and disparagement of the trademark, *inter alia*: the injury to Plaintiffs' reputation, the injury to Plaintiffs' goodwill and general business reputation, the lost profits Plaintiffs would have earned but for Defendants' disparagement of the trademark, the cost of

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

9 of 16

future corrective advertising and actions reasonably required to correct the damage to the trademark.

61. Defendants' actions are of a malicious and oppressive nature giving rise to punitive damages.

62. Plaintiffs have been required to retain the law firm of Lionel Sawyer & Collins to bring this action against Defendants, and Plaintiffs are entitled to reasonable attorney's fees and costs of suit as damages.

## SECOND CLAIM FOR RELIEF

### (Defamation *Per Se*)

63. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 60 as though fully set forth herein.

64. On or about July 23, 2008, and separately on or about August 12, 2008, Defendants made false and defamatory statements concerning Plaintiffs, including false statements of Plaintiffs' illegal narcotics use and sale and distribution thereof, Plaintiffs' serving of alcohol illegally to underage individuals, Plaintiffs' illegal employment practices, and other actions imputing to Plaintiffs a lack of fitness for Plaintiffs' trade, business and profession.

65. These statements were communicated to numerous third parties, including governmental entities, individuals and entities doing business with and/or associated with Plaintiffs, and untold members of the general public via a number of "blog" entries and emails.

66. The statements made by Defendants were false.

67. Plaintiffs are not public figures.

68. Defendants acted with knowledge that the statements were false, and/or with reckless disregard of whether the statements were false.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

69. Defendants also acted negligently in failing to ascertain whether the statements were false.

70. Defendants intended to maliciously defame Plaintiffs through the publication of the statements.

71. Defendants' actual malice is further evidenced by the cumulative evidence of Defendants' negligence, motive, and intent.

72. By their very nature, these statements constituted libel *per se*.

73. These statements are actionable without a showing of special damages for imputing that Plaintiffs have committed multiple serious crimes.

74. These statements are actionable without a showing of special damages for disparaging the personal and professional reputations of Levine and Tucker.

75. These statements have caused harm in the form of, *inter alia*: present and future injury to Plaintiffs' reputation and public standing, the Plaintiffs' mental anguish and suffering, personal humiliation, and potential loss of business profits.

76. Defendants' actions are of a malicious and oppressive nature giving rise to punitive damages.

77. Plaintiffs have been required to retain the services of the law firm of Lionel Sawyer & Collins to bring this action against Defendants, and Plaintiffs are entitled to reasonable attorney's fees and costs of suit as damages.

### THIRD CLAIM FOR RELIEF

### (Commercial Defamation *Per Se*)

78. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 75 as though fully set forth herein.

79. On or about July 23, 2008, and separately on or about August 12, 2008,

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

Defendants made false and defamatory statements concerning Plaintiffs Levine, Tucker, and Privé's commercial operations and business.

80. Defendants' statements included false and defamatory statements regarding Plaintiffs' criminal activity, Plaintiffs' illegal employment practices, and other actions imputing to Plaintiffs a lack of fitness for Plaintiffs' trade, business and profession.

81. These statements were communicated to governmental entities, individuals and entities doing business with and/or associated with Plaintiffs.

82. These statements were communicated to numerous individuals and entities considering doing business with and/or associating, collaborating and partnering with Plaintiffs.

83. The statements made by Defendants were false.

84. Defendants acted with knowledge that the statements were false, and/or with reckless disregard of whether the statements were false.

85. Defendants also acted negligently in failing to ascertain whether the statements were false.

86. Defendants intended to maliciously defame and damage Plaintiffs' commercial interests through the publication of the statements.

87. Defendants' actual malice is further evidenced by the cumulative evidence of Defendants' negligence, motive, and intent.

88. By their very nature, these statements constituted libel *per se*.

89. These statements are actionable without a showing of special damages for imputing that Plaintiffs have committed multiple serious crimes and disparaging the professional reputations of Plaintiffs.

/ / /

/ / /

90. The statements have caused harm in the form of, but not limited to, present and future injury to Plaintiffs' business reputation and public standing, commercial good will, and loss of business profits.

91. Defendants' actions are of a malicious and oppressive nature giving rise to punitive damages.

92. Plaintiffs have been required to retain the services of the law firm of Lionel Sawyer & Collins to bring this action against Defendants, and Plaintiffs are entitled to reasonable attorney's fees and costs of suit as damages.

**FOURTH CLAIM FOR RELIEF**

**(Intentional Interference with Existing Business Relations)**

93. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 90 as though fully set forth herein.

94. Plaintiffs maintained numerous agreements, contracts, and business relations (collectively, "business relations") with individuals and entities throughout Nevada. Defendants were in a position to be aware of and know about these business relations.

95. With the intent to disrupt Plaintiffs' existing business relations, Defendants made false and defamatory statements regarding Plaintiffs to individuals and entities maintaining business relations with Plaintiffs.

96. Defendants have, through Defendants' defamatory statements, actually succeeded in wrongfully terminating, damaging, and interfering, with the present business relations Plaintiffs maintained.

97. By engaging in the acts described herein, Defendants caused the Plaintiffs general and special damages.

/ / /

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

98. Defendants' actions are of a malicious and oppressive nature giving rise to punitive damages.

99. Plaintiffs have been required to retain the services of the law firm of Lionel Sawyer & Collins to bring this action against Defendants, and Plaintiffs are entitled to reasonable attorney's fees and costs of suit as damages.

## FIFTH CLAIM FOR RELIEF

### (Intentional Interference with Prospective Business)

100. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 97 as though fully set forth herein.

101. Prospective contractual relationships and business relations exist or existed between Plaintiffs and numerous individuals and entities.

102. Defendants knew of these prospective contractual relationships and business relations.

103. Defendants, through defaming Plaintiffs, intended to harm Plaintiffs by preventing the prospective relationships.

104. Defendants had no privilege or justification for interfering with the prospective contractual relationships and business relations Plaintiffs maintained or maintain.

105. Defendants' conduct, through defaming Plaintiffs, resulted in actual harm to Plaintiffs.

106. Defendants' actions are of a malicious and oppressive nature giving rise to punitive damages.

107. Plaintiffs have been required to retain the services of the law firm of Lionel Sawyer & Collins to bring this action against Defendants, and Plaintiffs are entitled to reasonable attorney's fees and costs of suit as damages.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

## SIXTH CLAIM FOR RELIEF

### (Extortion)

108. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 105 as though fully set forth herein.

109. Defendants made threats to Plaintiffs, namely to accuse Plaintiffs of crimes, to injure Plaintiffs and Plaintiffs' tangible and intangible property, and/or to publish and connive at publishing libelous content.

110. Defendants made these threats with the willful and purposeful intent to extort or gain money, property, and/or other benefits unlawfully, and to which Defendants had no legal or equitable right.

111. Defendants' actions are of a malicious and oppressive nature giving rise to punitive damages.

112. Plaintiffs have been required to retain the services of the law firm of Lionel Sawyer & Collins to bring this action against Defendants, and Plaintiffs are entitled to reasonable attorney's fees and costs of suit as damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

1. For general and special damages in excess of $75,000 against all Defendants;

2. For punitive damages in an amount to be determined by the Court;

3. For injunctive relief enjoining Defendants from further publication of any defamatory statements regarding Plaintiffs;

4. For injunctive relief enjoining Defendants from any further disparagement or misuse of Privé's trademark;

5. For attorney's fees and costs of suit; and

LIONEL SAWYER & COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

6. For such other and further declarations and relief as the Court deems just and appropriate.

LIONEL SAWYER & COLLINS

By: /s/ Fred Gibson, III
FRED "PETE" GIBSON, III, (SBN 1474)
CHRISTOPHER MATHEWS, (SBN 10674)
MOHAMED A. IQBAL, (SBN 10623)
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-8888 (Telephone)
(702) 383-8845 (Fax)
email: pgibson@lionelsawyer.com

Attorneys for Plaintiffs

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888