JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702/791-0308
Facsimile:   702/791-1912

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PRIVE VEGAS, LLC, a Florida limited liability corporation; JUSTIN LEVINE, a Florida resident; and FRANK TUCKER, a Nevada Resident, | Case No.:      2:08-cv-01104-LDG-RJJ |
| Plaintiffs, | **DEFENDANT'S ANSWER TO COMPLAINT** |
| v. | **(Electronic Filing)** |
| MICHAEL POLITZ, a Nevada resident; DOES I through XV; and ROE CORPORATIONS XVI through XXX, | |
| Defendants. | |

Defendant MICHAEL POLITZ ("Politz"), as his answer to the Complaint of Plaintiffs Privé Vegas, LLC, Justin Levine, and Frank Tucker ("Plaintiffs"), responds to the factual allegations of each numbered paragraph of the Complaint as follows:

## PARTIES

1.       Politz admits that a night club called Privé is located in the Planet Hollywood Casino in Las Vegas, Nevada and that the night club provides music, food, drinks, and entertainment to its customers. Politz lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

2.       Politz lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

07862-01/330944

3.  Politz lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

4.  Politz admits the allegations of Paragraph 4 of the Complaint.

5.  No response to Paragraph 5 is required as Plaintiffs have asserted inappropriate Doe Defendant allegations.   To the extent that a response is required, Politz denies the allegations of Paragraph 5 of the Complaint.

6.  No response to Paragraph 6 is required as Plaintiffs have asserted inappropriate Roe Defendant allegations.   To the extent that a response is required, Politz denies the allegations of Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7/8.  Paragraph 7/8 (combined) states a legal conclusion to which a response is not required.  To the extent a response is required, Paragraph 7/8 is denied.

9.  Paragraph 9 states a legal conclusion to which a response is not required.  To the extent that a response is required, Politz admits that Politz "reside[s] and may be found" in the District of Nevada.  Politz denies all other allegations of Paragraph 9.

## GENERAL ALLEGATIONS

10.  Politz hereby incorporates by reference his responses to the preceding paragraphs.

11.  Politz denies the allegations of Paragraph 11 of the Complaint.

12.  Politz denies the allegations of Paragraph 12 of the Complaint.

13.  Politz admits the allegations of Paragraph 13 of the Complaint.

14.  Politz admits only that Politz was denied entry into Privé in or about January, 2008, and that Politz posted content regarding Privé on TheVegasEye.com.  Politz denies all remaining allegations of Paragraph 14.

15.  Politz denies the allegations of Paragraph 15 of the Complaint.

16.  Politz denies the allegations of Paragraph 16 of the Complaint.

17.  Politz denies the allegations of Paragraph 17 of the Complaint.

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

07862-01/330944

18.     Politz admits only that, on or about June 23, 2008, Privé filed suit in District Court for Clark County, Nevada against four former employees, alleging breaches of their Privé Employment Agreements, the Nevada Trade Secrets Act, and the Florida Trade Secrets Act. Politz lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

19.     Politz denies the allegations of Paragraph 19 of the Complaint.

20.     Politz admits that on or about July 23, 2008, Politz wrote and posted a story titled: "Is the Prive Ship Starting to Sink?" that included the name "privé".  Politz denies the remaining allegations in this paragraph, including but not limited to, any insinuation that Politz authored the anonymous letter.

21.     Politz admits that on or about August 12, 2008, Politz wrote and posted on thevegaseye.com, under the title "Prive Exposed," content that referenced and included a link to an anonymous letter.  Politz denies the remaining allegations in this paragraph.

22.     As this paragraph is an assertion of law and not a factual allegation, no response is required.  To the extent that a response is required, the allegations are denied.

23.     Politz denies the allegations of Paragraph 23 of the Complaint.

24.     Politz admits only that the Letter states:    "We have resigned due to continual harassment and working in a serious hostile & threatening environment."   Politz denies all remaining allegations in this paragraph.

25.     Politz admits only that the Letter contains the quoted language.  Politz denies all remaining allegations in this paragraph.

26.     Politz admits only that the Letter states: "Many of our hourly waged employees have been forced to work late hours at other clubs without pay and have been threatened by management and the owner, Justin Levene."   Politz denies all remaining allegations in this paragraph.

27.     Politz admits only that the Letter contains the quoted language.  Politz denies all remaining allegations in this paragraph.

. . .

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

- 3 -

07862-01/330944

28.   Politz admits only that the Letter states:  "First off there is a lot of marijuana smoking taken place as well as Cocaine in the kitchen area and we believe it's also being sold through management."  Politz denies all remaining allegations in this paragraph.

29.   Politz admits only that the Letter states:  "When we brought this issue up at meetings, we were told to simply shut up from one Managing Partner, Frank Tucker."  Politz denies all remaining allegations of this paragraph.

30.   Politz admits only that the Letter states:  "The other major problem was under aged females coming to Prive....  One additional issue is serving these under aged female's liquor."  Politz denies all remaining allegations of this paragraph.

31.   Politz admits only that the Letter states:  "There were so many incidents that many of the host had brought this to Justin Levene the owner's attention and all he stated was; this is how we do it in Miami so mind your own business."  Politz denies all remaining allegations of this paragraph.

32.   Politz admits only that the Letter states:  "We even witnessed Mr. Leven sneaking these girls through the kitchen."  Politz denies all remaining allegations of this paragraph.

33.   Politz admits that the Letter contains the quoted language, but denies all remaining allegations of this paragraph.

34.   Politz admits only that the Letter states:  "There were times we were ordered to bring a bottle or drinks to a table of under aged girls and I personally refused to do so only to get screamed at by Mr. Tucker."  Politz denies all remaining allegations of this paragraph.

35.   Politz admits only that the Letter states:  "The major reason why many of us had resigned is the fact that our tip money was never declared by management and we believe they were stealing us blind."  Politz denies all remaining allegations of this paragraph.

36.   Politz admits only that the Letter states:  "When we were hired, we were told that all tip money would be transparent and we would receive a print out every week.  Well after we took the position everything had changed.  Every time we asked for a print out, Mr. Tucker told us to shut up and get back to work."  Politz denies all remaining allegations of this paragraph.

. . .

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

- 4 -

37.     Politz admits only that the Letter states: "We know for a fact they have been stealing our tips." Politz denies all remaining allegations of this paragraph.

38.     Politz admits that the Letter contains the quoted language, but denies all remaining allegations of this paragraph.

39.     Politz admits that the name "privé", beneath the international symbol for "no" (a red circle with a diagonal line extending inside the circle from the top left "corner" to the bottom right "corner" of the circle), appeared below the title for the content. Politz denies the remaining allegations and characterizations in this paragraph.

40.     Politz admits that Politz provided the title for the content. Politz denies the remaining allegations and characterizations in this paragraph.

41.     Politz denies the allegations of Paragraph 41 of the Complaint.

42.     Politz denies the allegations of Paragraph 42 of the Complaint.

43.     Politz denies the allegations of Paragraph 43 of the Complaint.

44.     Politz denies the allegations of Paragraph 44 of the Complaint.

45/46. No response to Paragraph 45/46 is required as Plaintiffs have asserted inappropriate Doe/Roe Defendant allegations.   To the extent that a response is required, inasmuch as the Doe and Roe defendants have not been identified by Plaintiffs, Politz lacks sufficient information to form a belief as to the truth of the allegation regarding the employment and/or agent status of the Doe and Roe defendants and therefore denies the same. Politz denies the remaining allegations of this (combined) paragraph.

47.     Politz admits that, on or about August 14, 2008, an attorney for Privé issued a letter of objection to Politz. The letter speaks for itself. Politz denies the remaining allegations and characterizations of this paragraph.

48.     Politz admits that the Objection Letter demanded retraction of certain content and that an apology be published. The letter speaks for itself. Politz denies the remaining allegations of this paragraph, including that the content was libelous.

49.     Politz admits that Politz received the letter on August 14, 2008. Politz lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

- 5 -

1    therefore denies the same.

2         50.    Politz admits that, on our about August 18, 2008, Politz contacted counsel for

3    Privé.  Politz denies all remaining allegations of this paragraph.

4         51.    Politz admits that, on or about August 18, 2008, Politz updated the website to

5    state: "[W]e don't endorse the anonymous letter or anything that is stated within the letter.  The

6    publishing of this letter does not reflect the opinions of anyone working here.  That being said, I

7    do have 4 sources that came to us unsolicited and are willing to verify this and many more

8    allegations on the record."  Politz denies all remaining allegations of this paragraph.

9         52.    Politz admits that, on or about August 19, 2008, Politz sent an e-mail to counsel

10   for Privé.   Politz further states that the e-mail speaks for itself, and denies all remaining

11   allegations and characterizations of this paragraph.

12        53.    Politz admits that the content referenced in the Complaint remained at

13   thevegaseye.com website as of August 20, 2008.  Politz denies the remaining allegations and

14   characterizations of this paragraph.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Disparagement Under Lanham Act, 15 USC §1125(a)(c))

17        54.    Politz hereby incorporates by reference his responses to the preceding paragraphs.

18        55.    Politz denies the allegations of Paragraph 55 of the Complaint.

19        56.    Politz denies the allegations of Paragraph 56 of the Complaint.

20        57.    Politz denies the allegations of Paragraph 57 of the Complaint.

21        58.    Politz denies the allegations of Paragraph 58 of the Complaint.

22        59.    Politz denies the allegations of Paragraph 59 of the Complaint.

23        60.    Politz denies the allegations of Paragraph 60 of the Complaint.

24        61.    Politz denies the allegations of Paragraph 61 of the Complaint.

25        62.     Politz denies the allegations of Paragraph 62 of the Complaint.

26   . . .

27   . . .

28

- 6 -

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

## SECOND CLAIM FOR RELIEF

### (Defamation *Per Se*)

63.  Politz hereby incorporates by reference his responses to the preceding paragraphs.

64.  Politz denies the allegations of Paragraph 64 of the Complaint.

65.  Politz admits that the statements concerning Privé were available to third parties who accessed thevegaseye.com website.   Politz denies the remaining allegations and characterizations of this paragraph.

66.  Politz denies the allegations of Paragraph 66 of the Complaint.

67.  Politz denies the allegations of Paragraph 67 of the Complaint.

68.  Politz denies the allegations of Paragraph 68 of the Complaint.

69.  Politz denies the allegations of Paragraph 69 of the Complaint.

70.  Politz denies the allegations of Paragraph 70 of the Complaint.

71.  Politz denies the allegations of Paragraph 71 of the Complaint.

72.  Politz denies the allegations of Paragraph 72 of the Complaint.

73.  Politz denies the allegations of Paragraph 73 of the Complaint.

74.  Paragraph 74 states a legal conclusion to which no response is required.  To the extent that a response is required, Politz denies the allegations of Paragraph 74.

75.  Politz denies the allegations of Paragraph 75 of the Complaint.

76.  Paragraph 76 states a legal conclusion to which no response is required.  To the extent that a response is required, Politz denies the allegations of Paragraph 76.

77.  Politz denies the allegations of Paragraph 77 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Commercial Defamation *Per Se*)

78.  Politz hereby incorporates by reference his responses to the preceding paragraphs.

79.  Politz denies the allegations of Paragraph 79 of the Complaint.

80.  Politz denies the allegations of Paragraph 80 of the Complaint.

. . .

07862-01/330944

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

81.     Politz admits that the statements concerning Privé were available to third parties who accessed thevegaseye.com website.   Politz denies the remaining allegations and characterizations of this paragraph.

82.     Politz admits that the statements concerning Privé were available to third parties who accessed thevegaseye.com website.   Politz denies the remaining allegations and characterizations of this paragraph.

83.     Politz denies the allegations of Paragraph 83 of the Complaint

84.     Politz denies the allegations of Paragraph 84 of the Complaint.

85.     Politz denies the allegations of Paragraph 85 of the Complaint.

86.     Politz denies the allegations of Paragraph 86 of the Complaint.

87.     Politz denies the allegations of Paragraph 87 of the Complaint.

88.     This paragraph states a legal conclusion as to which no response is required.   To the extent that a response is required, the allegations are denied.

89.     This paragraph states a legal conclusion as to which no response is required.   To the extent a response is required, the allegations are denied.

90.     Politz denies the allegations of Paragraph 90 of the Complaint.

91.     Politz denies the allegations of Paragraph 91 of the Complaint.

92.     Politz denies the allegations of Paragraph 92 of the Complaint.

### FOURTH CLAIM FOR RELIEF

#### (Intentional Interference with Existing Business Relations)

93.     Politz hereby incorporates by reference his responses to the preceding paragraphs.

94.     Politz denies that Politz was in a position to be aware of and know about Plaintiffs' "numerous agreements, contracts, and business relations with individuals and entities throughout Nevada."   Politz lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

95.     Politz denies the allegations of Paragraph 95 of the Complaint.

96.     Politz denies the allegations of Paragraph 96 of the Complaint.

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

- 8 -

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

1   97.   Politz denies the allegations of Paragraph 97 of the Complaint.

2   98.   Politz denies the allegations of Paragraph 98 of the Complaint.

3   99.   Politz denies the allegations of Paragraph 99 of the Complaint.

4   **FIFTH CLAIM FOR RELIEF**

5   **(Intentional Interference with Prospective Business)**

6   100.   Politz hereby incorporates by reference his responses to the preceding paragraphs.

7   101.   Politz lacks sufficient information to form a belief as to the truth of the allegations

8   in this paragraph and therefore denies the same.

9   102.   Politz denies the allegations of Paragraph 102 of the Complaint.

10   103.   Politz denies the allegations of Paragraph 103 of the Complaint.

11   104.   Politz denies the allegations of Paragraph 104 of the Complaint.

12   105.   Politz denies the allegations of Paragraph 105 of the Complaint.

13   106.   Politz denies the allegations of Paragraph 106 of the Complaint.

14   107.   Politz denies the allegations of Paragraph 107 of the Complaint.

15   **SIXTH CLAIM FOR RELIEF**

16   **(Extortion)**

17   108.   Politz hereby incorporates by reference his responses to the preceding paragraphs.

18   109.   Politz denies the allegations of Paragraph 109 of the Complaint.

19   110.   Politz denies the allegations of Paragraph 110 of the Complaint.

20   111.   Politz denies the allegations of Paragraph 111 of the Complaint.

21   112.   Politz denies the allegations of Paragraph 112 of the Complaint.

22   **AFFIRMATIVE DEFENSES**

23   Politz asserts the following non-exclusive list of defenses to this action.  These defenses

24   have been labeled as "Affirmative" defenses regardless of whether, as a matter of law, such

25   defenses are truly affirmative defenses.  Such designation should in no way be construed to

26   constitute a concession on the part of Politz that he bears the burden of proof to establish such

27   defenses.

28

- 9 -

07862-01/330944

1.   The Complaint fails to state a claim upon which relief may be granted.

2.   Plaintiffs' trademark disparagement claim should be dismissed because trademark disparagement is not a claim under the Lanham Act.

3.   Plaintiffs' trademark dilution claim should be dismissed because prive is not a famous trademark and accordingly cannot be diluted under the Lanham Act.

4.   Plaintiffs' trademark infringement and disparagement claims are barred by fair use.

5.   Plaintiff's trademark infringement and disparagement claims are barred because there is no likelihood of confusion.

6.   Plaintiffs' defamation claims are barred because, even if the statements could be attributed to Politz, they are not defamatory.

7.   Plaintiffs' defamation claims are barred because, even if the statements could be attributed to Politz, they are true.

8.   Plaintiffs' claims are barred because of unclean hands.

9.   Plaintiffs lack standing to seek redress for the injuries alleged in the Complaint.

10.   Plaintiffs' claims are barred because they did not incur any injury or damages cognizable at law.

11.   Plaintiffs are not entitled to punitive damages under the applicable law.

12.   Plaintiffs have failed to plead special damages with particularity as is required by the Federal Rules of Civil Procedure.

13.   Plaintiffs' claims are barred by the Communications Decency Act, § 230, and the immunity provided to Politz thereunder.

14.   Plaintiffs' defamation claims are barred because they are public figures and may not recover in the absence of actual malice.

15.   Plaintiffs' defamation claims are barred because Politz is a media defendant and Plaintiffs cannot recover in the absence of actual malice.

16.   Plaintiffs' defamation claims are barred because the statements at issue on TheVegasEye.com are absolutely privileged.

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 SOUTH FOURTH STREET, THIRD FLOOR, LAS VEGAS, NEVADA 89101
(702) 791-0308 – FAX (702) 791-1912

- 10 -

17.     Plaintiffs' defamation claims are barred because the statements at issue are privileged pursuant to the Fair Reporting Privilege.

18.     Plaintiffs' defamation claims are barred because the statements at issue are statements of opinion, and therefore not defamatory.

19.     Plaintiffs' claims are barred by principles of assumption of risk, contributory negligence and/or comparative fault.

20.     Plaintiffs are barred from obtaining relief for any claim by reason of their failure to mitigate its damages, if any.

21.     Plaintiffs are barred from any recovery under the doctrine of laches, estoppel, and/or waiver.

22.     All possible affirmative defenses may not have been alleged herein.  Therefore, Politz reserves the right to amend this Answer to allege additional affirmative defenses at a later date.

WHEREFORE, having answered Plaintiffs' Complaint, Politz requests that this Court enter judgment in favor of Politz on all counts of the Complaint, award Politz his costs and attorney's fees, and grant Politz such other relief in favor of Politz and against Plaintiffs as deemed just and equitable by the Court.

## JURY DEMAND

Politz demands a trial by jury on all issues.

Dated this ____ day of October, 2008.

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

_____
JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6653
400 South Fourth Street, Third Floor
Las Vegas, Nevada  89101

*Attorneys for Defendant*

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor, Las Vegas, Nevada 89101
(702) 791-0308 – fax (702) 791-1912

- 11 -

07862-01/330944